quiring rights or easements by purchase or condemnation under the general condemnation law or under the provisions of the charter of a municipality are meaningless. If all that was intended was the acquiring of land to widen the existing highway, or the discontinuance of the old highway and the laying out of a new one, the highway law (Laws 1890, pp. 1192–1195, c. 568, §§ 80–92) contained ample provision to accomplish that object. Under that law the railroad company or any person assessable for highway labor could apply to the highway commissioner and to the County Court for the appointment of commissioners to determine the necessity of the highway proposed to be laid out or altered, or the uselessness of the one proposed to be discontinued, and to assess the damages therefor. Highways have thus been laid out, altered, or discontinued for many years, and the proceeding is quite simple, compared with that under the general condemnation law. If it were not the intention of the Legislature to permit abutting owners to recover damages for their easements and rights as such, growing out of the change of grade of the highway adjacent to their lands. it is difficult to conceive why the Legislature directed that the municipality should institute condemnation proceedings under the general condemnation law. In addition, it seems to me that the decision in the matter of Torge v. The Village of Salamanca, 176 N. Y. 324, 68 N. E. 626, is authority for construing the grade crossing act as giving damages to abutting owners for change of grade in the construction of underneath or overhead crossings. While the question was not directly before the court, still both the Court of Appeals and the Appellate Division, in their discussion of the questions involved, assumed that the act provided for such damages.

I do not consider whether or not the demurrer to the plaintiff's complaint should have been sustained on the ground that no action would lie against the defendant town, or because the complaint fails to allege that the plaintiff filed his claim for damages with the Board of Railroad Commissioners within six months after completion of the work of changing the grade. I have confined myself to the giving of reasons why I do not concur in the conclusion of the court that the statute fails to give damages to abutting owners arising from the change of grade.

I dissent from a reversal upon the grounds stated in the prevailing opinion.

---

(100 App. Div. 459)

MERCANTILE NAT. BANK OF CITY OF NEW YORK v. SIRE.

(Supreme Court, Appellate Division, First Department. January 6, 1905.)

1. WITNESS—ABSENCE—RIGHT TO TESTIMONY.

In an action on a note, which was being tried before a referee, it appeared that the execution and delivery of the note was the result of an agreement between plaintiff's assignor and a witness in another state, whose attendance at the trial the defendant was unable to procure; that the determination of the defense set up in the answer depended on conversations between the witness and the officers of plaintiff's assignor: that the officers of the assignor had testified to such conversations, and

that it was essential that defendant have an opportunity of denying the truth of the conversations. *Held*, that defendant was entitled to the issuance of a commission to take the testimony of the absent witness, where the only delay would be an adjournment for a few weeks. .

Appeal from Special Term, New York County.

Action by the Mercantile National Bank of the City of New York against Henry B. Sire. From an order denying a motion for a commission, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Franklin Bien, for appellant.
Albert S. Ridley, for respondent.

INGRAHAM, J. I think this application should have been granted. It does not seem to be disputed but that the execution and delivery of the note sued on was the result of an agreement between the plaintiff's assignor and Leander S. Sire, and that the determination of the defense set up in the answer depends upon the conversations between Sire and the officers of the plaintiff's assignor; that the officers of the plaintiff's assignor have testified to conversations with Sire, and that it is essential that the defendant should have an opportunity of denying the truth of these conversations. As the defendant is unable to procure the attendance of Sire in this state, I can see no reason why he should be deprived of Sire's testimony contradicting the testimony of the plaintiff's assignor's officers as to such conversations. There can be no question but that the court has power to issue a commission at any time before the case is finally decided, and, as the case is being tried before a referee, the only delay would be an adjournment for a few weeks until the commission to St. Louis could be returned. The defendant should, however, secure the return of the commission within 30 days of the entry of the order, and the final closing of the reference should not be delayed on account of the commission beyond that time.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted. All concur.